# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESUS ARREOLA-CASTILLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:14-cv-0475-SEB-DML |
| | ) | No. 1:05-64-CR-B/F-07 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jesus Arreola-Castillo for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

On June 14, 2006, a jury found Arreola-Castillo guilty of conspiracy to distribute one thousand kilograms or more of marijuana. Arreola-Castillo appealed his sentence to the Seventh Circuit. The Seventh Circuit affirmed. *See United States v. Arreol- Castillo*, 539 F.3d 700 (7th Cir. 2008).

On November 30, 2009, Arreola-Castillo filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, asserting a number of claims of ineffective assistance of counsel. *Arreola-Castillo v. United States*, 1:09-cv-1476-SEB-DML (S.D.Ind.). This Court denied the § 2255 motion on November 7, 2012. *Id.* His request for a certificate of appealability was denied by this Court and by the Seventh Circuit Court of Appeals.

On March 11, 2014, Arreola-Castillo filed a motion for relief from judgment under Rule 60(b)(4), arguing that the § 2255 judgment was void because the Court's decision was incomplete. He argues that the Court improperly recharacterized the nature of his right to confront witnesses argument as an attack on the sentencing proceedings. As explained in the Entry of March 24, 2014, the Rule 60(b) motion is one attacking the Court's decision on the merits and therefore it falls within the scope of the relief that must be sought through a motion for relief pursuant to 28 U.S.C. § 2255.

The motion is before the Court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Courts.*

The disposition in *Arreola-Castillo v. United States*, 1:09-cv-1476-SEB-DML (S.D.Ind. Nov. 7, 2012) was a dismissal with prejudice. That disposition was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). This statute "is an allocation of subject matter jurisdiction to the court of appeals." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Id*.

With the prior § 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

The motion to amend [dkt. 4] is **denied as moot.**

The clerk shall update the petitioner's address on the docket as "P. O. Box 3900."

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:05-cr-0064-SEB-KPF-7**

## II.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings,* and 28 U.S.C. §2253(c), the Court finds that Arreola-Castillo has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: _04/21/2014_

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Jesus Arreola Castillo
31810-051
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 3900
Adelanto, CA 92301

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.